**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LARRY J. TREAKLE,** | § | |
| **PETITIONER,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:06-CV-611-A** |
| | § | |
| **NATHANIEL QUARTERMAN, DIRECTOR,**[1] | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Larry J. Treakle, TDCJ-ID # 840738, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Treakle designates Anthony S. Collins as Respondent, however the correct respondent is Nathaniel Quarterman, Director of the Texas Department of Justice, Correctional Institutions Division. The clerk of Court is directed to docket and change the designation of the Respondent accordingly.

...

Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

The history relevant to this case is set forth in the undersigned's findings and conclusions in *Treakle v. Dretke*, Civil Action No. 4:05-CV-0380-A.  This petition is Treakle's fifth federal petition for writ of habeas corpus pursuant to § 2254.[2]  No process has been issued to Respondent in this case.

### D.  SUCCESSIVE PETITION

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met.  28 U.S.C. § 2244(b)(1)-(2).  A petition is successive when, as here, it raises a claim or claims that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.  *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).

The grounds asserted by Treakle in this petition are vague and incoherent.  He appears to challenge the adjudication of his guilt in the underlying state criminal cases, the "in custody" requirement under § 2254(a), and the jurisdictional authority of the Texas Court of Criminal Appeals to rule on his state habeas application(s) and this court to rule on his previous federal petition. (Petition at 7-8 & Pet'r Brief in Support.)  From the face of the petition and court records

---

[2] *See Treakle v. Doughty*, Civil Action No. 1:02-CV-239-TH-WCR (attacking prison disciplinary proceeding); *Treakle v. Dretke*, Civil Action No. 4:03-CV-739-Y (same); *Treakle v. Dretke*, Civil Action No. 4:04-CV-503-A (attacking conviction and/or sentence); *Treakle v. Dretke*, Civil Action No. 4:05-CV-0380-A (attacking conviction, conditions of community supervision, and release to mandatory supervision).

of which this court can take judicial notice, it is apparent that this is a successive petition raising claims Treakle could and should have raised in his previous action in this court. Treakle has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[3]

## II.  RECOMMENDATION

Treakle's petition should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 5, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

---

[3] Because the court lacks jurisdiction to consider the petition, the undersigned Magistrate Judge makes no ruling or recommendation on Treakle's Application To Proceed In Forma Pauperis.

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 5, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 14, 2006.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE